**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| AARON J. MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 4:07-cv-089-SEB-WGH |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Application for**
**Attorney Fees under the Equal Access to Justice Act**

**I.  Background**

Aaron J. Maddox ("Maddox") applied for Disability Insurance Benefits ("DIB") based on severe physical impairments. His application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review this court determined that the ALJ's decision was not supported by substantial evidence and remanded the case to the ALJ for further consideration.

Maddox has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28  U.S.C. § 2412(d) ("EAJA"). For the reasons discussed below, Maddox's motion (dkt 17) is **granted.**

**II.  Discussion**

The EAJA provides that a successful litigant against the federal government is entitled to recover his attorneys' fees if: 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The plaintiff here is the prevailing party, no "special circumstances" are alleged, and the fee application was timely.[1]  The only disputed point is whether the Commissioner's position was substantially justified.

---

[1]Although Maddox's motion was filed before the time to appeal had expired, the Commissioner waived his objection to the premature motion.

Fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position was not substantially justified. *Cunningham*, 440 F.3d at 863. To be substantially justified the Commissioner's position must have "reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* at 864. A "reasonable basis in law and fact" means "a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864.

As noted, after reviewing the administrative record and considering the arguments of the parties, the court concluded that the Commissioner's (ALJ's) decision in this action was deficient. As explained in the Entry issued on June 20, 2008, the court agreed with Maddox's single claim of error. As stated in that decision,

> The Commissioner argues that Dr. Ollo did not mean that Maddox could not bend or stoop at all and that the ALJ's RFC finding was materially consistent with Dr. Ollo's opinion as a whole and with Maddox's reported activities. Absent such a discussion from the ALJ, the court cannot accept this *ex post facto* rationale. Dr. Ollo clearly restricted Maddox to work that required "no" squatting, bending, stooping, twisting or climbing. He repeated this opinion in April, May, June, July and August 2004. (R. at 280, 285, 289, 293, 297, 304). The ALJ did not explain how he gave controlling weight to this opinion and yet opined that Maddox could crouch, crawl, kneel, or stoop to whatever extent necessary to perform work at a table, desk, or at a cash register station.

*Entry Discussing Complaint for Judicial Review*, at 4.

The Commissioner concedes that his "material consistency" argument was his "weakest and shortest" argument. It was on the basis of that error, the fact that the ALJ accepted Dr. Ollo's opinion but did not properly incorporate it into his RFC assessment, however, that the case was remanded. The Commissioner asks that the court find his position in the entire case was substantially justified because the court stated that a reasonable argument could be made that the vocational expert might have concluded that there were a significant number of sedentary jobs remaining even if Dr. Ollo's restrictions were adopted. That Commissioner made that "harmless error" argument.

> Maddox contends that if Dr. Ollo's restriction on bending and stooping had been incorporated into the hypothetical question posed to the vocational expert, the uncontroverted evidence showed that Maddox would have been found disabled. This is not necessarily true, however, and in fact, a reasonable argument can be made that even if such restrictions were adopted, the vocational expert would have concluded that there were a significant number of sedentary jobs that Maddox still could have performed. Notably, the Commissioner argues that the <u>Dictionary of Occupational Titles</u>

("DOT") shows that the restriction on bending and stooping would not render Maddox disabled. Those restrictions, however, were not discussed in sufficient detail *by the ALJ* for the court to make that determination based on the current record. The vocational expert did not specify how much bending or stooping might be required to perform any of the jobs discussed at the hearing, nor was there any evidence presented as to how much bending or stooping would be necessary to do table or desk type work. The court will not attempt to resolve these issues in the first instance because the court "cannot engage in [its] own analysis of whether [a claimant] is severely impaired as defined by the SSA regulations." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004); *see also Rice v. Barnhart*, 384 F.3d at 369 ("we will not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner.") (internal quotation omitted); *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) ("We cannot substitute our own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled.").

*Id.*

Although the Commissioner's harmless error argument was considered, the court determined that it was not persuasive because the necessary evaluation was not conducted by the ALJ and it lacked sufficient support of record to avoid the remand. The court could not adopt the argument because the record lacked sufficient information as to "how much bending or stooping might be required to perform any of the jobs discussed at the hearing" and there was no "evidence presented as to how much bending or stooping would be necessary to do table or desk type work." *Id.* Moreover, the court could not attempt to resolve the issue in the first instance because that would exceed the proper scope of judicial review.

Here, the Commissioner's argument was not based on facts relied upon by the ALJ, nor was it based on facts contained in the record. In spite of the court's language as to "a reasonable argument can be made," the court went on to discuss that in this case, there were three reasons that such argument did not have merit. The ALJ failed to discuss the issue, the vocational expert did not provide sufficient evidence to determine the viability of the harmless error defense, and the court could not resolve those issues based on the record before it. Had the record contained sufficient evidence to support the Commissioner's defense, the argument would have been reasonable, whether it ultimately prevailed or not. Under the circumstances of this case, however, a reasonable person could not believe the Commissioner's harmless error argument was correct. The court finds that the lack of an evidentiary basis for the Commissioner's harmless error argument rendered it unreasonable. *See Golembiewski,* 382 F.3d at 725 ("Our opinion in the underlying merits claim made it clear that the Commissioner's argument had no reasonable basis in law because her argument was based upon facts not relied upon by the ALJ.").

### III.  Conclusion

        The court finds that the Commissioner has not carried his burden of establishing that his position in this case was substantially justified. Accordingly, Maddox's motion for attorney fees (dkt 17) is **granted.**  The Commissioner has not challenged the amount of the request and the court finds the request of $3,678.75 to be reasonable. A separate order consistent with this ruling shall now issue.

        **IT IS SO ORDERED.**


Date:  _03/31/2009_

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana